IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JUANA GONZALEZ MORALES, ET AL.**                                   **PETITIONERS**

v.                                                  CIVIL ACTION NO. 5:20-cv-181-DCB-MTP

**SHAWN GILLIS, ET AL.**                                              **RESPONDENTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by Petitioners Juana Gonzalez Morales, Abdallah Khamis, Dwight Mundle, and Edinahi Zacarias Cabrera and the Motion to Dismiss [23] filed by Respondents. Having considered the record, the parties' submissions, and the applicable law, the undersigned recommends that the Motion to Dismiss [23] be granted and the Petition [1] be denied.

## BACKGROUND

Petitioners filed a habeas petition pursuant to § 2241 asserting the following grounds for relief arising from their civil immigration detention at the Adams County Detention Center ("ACDC"): (1) violations of their Fifth Amendment right to substantive due process, (2) general claim for release under § 2241, and (3) violations of the Rehabilitation Act, 29 U.S.C. § 794. Petitioners contend that they are vulnerable to the effects of COVID-19 and the conditions at ACDC expose them to a high risk of contracting the virus. The Petition describes the four Petitioners as follows: Juana Gonzalez Morales is 37 years old and suffers from a thyroid disorder and obesity; Abdallah Khamis is 46 years old and suffers from Health Condition A; Dwight Mundle is 35 years old and suffers from hypertension, high cholesterol, and psoriasis; and Edinahi Zacarias Cabrera is 32 years old and suffers from asthma, pre-diabetes, and an

1

endocrine disorder. As relief, Petitioners request immediate release from detention or placement in community-based alternatives to detention or, alternatively, an order directing a health inspection of ACDC and directing Respondents to reform the conditions at ACDC. The record, however, now reflects that at least three of the four Petitioners have been released from ACDC, and at least two of them have been removed from the United States. *See* Motion [38].

Respondent filed a Motion to Dismiss [23] and a Response [24] in opposition to the Petition. Respondents argue that Petitioners cannot invoke habeas corpus to challenge the conditions of their confinement and seek release. Respondents also argue that Petitioners cannot demonstrate that the conditions at ACDC violate their rights. Finally, Respondents argue both that Petitioners have failed to state a claim under the Rehabilitation Act and that Petitioners cannot demonstrate a violation of the Rehabilitation Act.

In its Order [36] denying Petitioners' Motion for Temporary Restraining Order [2], this Court addressed Respondents' argument that Petitioners may not challenge the conditions of their confinement through a § 2241 habeas petition. Noting an opinion authored by another District Judge within this district which supports Respondents' argument, the Court stated as follows:

> In Orellana Lluvicura, the Court held that an ICE detainee's habeas petition was not properly before the Court because he did not "challenge[] the cause of his detention" and "merely requesting, as relief, release from custody does not convert the action into one under the habeas statute." Id. The Court respects District Judge Keith Starrett's opinion in Orellana Lluvicura; however, this Court has interpreted this situation differently in Espinoza v. Gillis. See id.; Espinoza, No. 5:20-cv-106-DCB-MTP, 2020 WL 2949779 (S.D. Miss. June 3, 2020). In Espinoza, the Court found "the requested relief, immediate release from detention, permits the petitioners to proceed with their habeas petition." Id. at *2. As in Espinoza, Petitioners' requested relief is properly before the Court. Id.

*See* Order [36] at 4-5.

After this Court entered its Order [36], the United States Court of Appeals for the Fifth Circuit issued its opinion *Rice v. Gonzalez*, 985 F.3d 1069 (5th Cir. 2021), clarifying the nature of the claims at issue and casting doubt on whether Petitioners' claims are properly brought in this habeas action.

In *Rice*, a pretrial detainee in a Texas jail sought release from custody, asserting that no conditions at the jail were sufficient to protect his constitutional rights in the midst of the COVID-19 crisis. *Id*. at 1069. The Fifth Circuit determined that it had jurisdiction over the case but held that "the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement." *Id*. at 1070.

The court considered prior authority from this circuit and stated that "habeas is not available to review questions unrelated to the cause of detention[, and] [i]ts sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id*. The court went on to state "that Rice might more likely be exposed to COVID-19 during confinement, and that he may have certain common underlying health conditions, taken together do not impugn the underlying legal basis for the fact or duration of his confinement[, but he] seeks an extension of federal habeas corpus law that this court is not authorized to grant." *Id*. The court further compared the law in the Fifth Circuit to that in the Sixth Circuit, where that court of appeals has held that a § 2241 habeas petition may provide relief for federal prisoners seeking release due to COVID-19. The Fifth Circuit stated:

> At least one other circuit court has held in a published opinion that Section 2241 provides jurisdiction and potential relief for federal prisoners to seek COVID-related release from custody. *Wilson v. Williams*, 961 F.3d 829, 837-39 (6th Cir. 2020). But the circuit's precedential, published case law is otherwise. In any event, COVID-19 relief claims in this circuit have been handled pursuant to 42 U.S.C. § 1983.

*Id*. at 1070 n.2.

Since the Fifth Circuit handed down its opinion in *Rice*, many district courts within this circuit have applied the holding in *Rice* to habeas cases involving civil immigration detainees. *See Akbar v. Barr*, 2021 WL 1345530, at *4 (W.D. Tex. Mar. 5, 2021) ("The Fifth Circuit in *Rice* rejected the Sixth Circuit's position that Section 2241 could provide a means for prisoners and detainees to challenge the legality of their detention based on the risks associated with COVID-19 and clearly held that habeas does not afford relief for those challenging adverse conditions of confinement in this context."); *see also Atemafac v. Wolf*, 2021 WL 1972577, at *3 (W.D. La. Mar. 8, 2021); *Asonfac v. Wolf*, 2021 WL 1016245, at *3 (W.D. La. Mar. 1, 2021); *Dalouche v. Johnson*, 2021 WL 2188760, at *2 (N.D. Tex. Apr. 20, 2021); *Okiki v. Wilkinson*, 2021 WL 1345531, at *3 (N.D. Tex. Apr. 9, 2021); *Nogales v. Dep't of Homeland Security*, 2021 WL 911250, at * (N.D. Tex. Mar. 3, 2021); *Garza Marroquin v. Garcia Longoria*, 2021 WL 1179008, at *1 (S.D. Tex. Mar. 29, 2021); *Petgrave v. Aleman*, 2021 WL 1220939, at *12 (S.D. Tex. Mar. 29, 2021); *but see Barrera v. Mayorkas*, 2021 WL 2188563, at *1 (S.D. Tex. May 28, 2021).[1]

Considering the Fifth Circuit's rejection of the Sixth Circuit's holding in *Wilson v. Williams*, 961 F.3d 829, 837-39 (6th Cir. 2020) and its declaration that "habeas is not available to review questions unrelated to the cause of detention," the undersigned finds that the holding in *Rice* is applicable to this action and recommends that Petitioners' habeas claims be dismissed.

---

[1] In *Barrera*, the court held that *Rice* did not apply to an immigrant detainee because § 1983 is unavailable to such a detainee. Interestingly, the court noted that a detainee may be able to assert other claims for relief, but the court declined to address such claims because they were not discussed in *Rice* or asserted by the petitioner. The court also mentioned that a *Bivens* action is the corollary to at § 1983 action but noted that the circumstances in which a *Bivens* claim can be raised are limited.

Additionally, Petitioners' Rehabilitation Act claims and any other claims seeking relief which does not sound in habeas, such as an order directing a health inspection of ACDC, cannot be pursued in this habeas action.[2]  The Court has the option to sever Petitioners' non-habeas claims and address them in a separate civil action or dismiss the claims without prejudice to Petitioners' right to seek relief in a separate civil action.  The undersigned finds that severing these claims into a new civil action would not serve the interests of justice. *See Janali v. Corr. Corp. of Am.*, 2011 WL 1364027, at *1 (S.D. Miss. Apr. 11, 2011) (citing *Lineberry v. U.S.*, 380 F. App'x 452, 453 (5th Cir. 2010) (affirming district court's dismissal of conditions of confinement claims in habeas case); *Aigebkaen*, 2020 WL 6883438, at *5 (declining to separate petitioner's Rehabilitation Act claim into a civil rights action because there are different procedural and pleading requirements for civil rights actions); *Williams v. Sterrect*, 2021 WL 2481892, at *3 (N.D. Tex. May 19, 2021); *Westerby v. Director, TDCJ-CID*, 2019 WL 2184710, at *1 (E.D. Tex. May 21, 2019); *Dotson v. Thaler*, 2010 WL 3784469, at *2 (N.D. Tex. Sept. 8, 2010); *Rice v. Gonzalez*, 2020 WL 4569660, at *3 (S.D. Tex. Aug. 6, 2020); *Descamps v. Warden Lewisburg USP*, 617 F. App'x 110, 111 (3rd Cir. 2015).

The circumstances surrounding ACDC and Petitioners have changed considerably since this action was filed.  At least three of the four Petitioners have been released from ACDC, and at least two of them have been removed from the United States.  Additionally, as of February of 2021, ACDC—a facility equipped to hold 2,300 detainees—has an average daily detainee population of 174, and the Department of Homeland Security Office of Inspector General

---

[2] *See Gorrell v. Hastings*, 541 F. App'x 943, 945 (11th Cir. 2013) (affirming dismissal of Rehabilitation Act claim as improperly asserted in a § 2241 habeas petition); *Francois v. Garcia*, 509 F. Supp. 3d 668, 673 (S.D. Tex. 2020) (holding that petitioner's Rehabilitation Act is not cognizable under § 2241); *Aigebkaen v. Warden*, 2020 WL 6883438, at *5 (D.N.J. Nov. 24, 2020); *Prucha v. Watson*, 2020 WL 620005, at *2 (S.D. Ind. Feb. 10, 2020).

recently performed an inspection of the facility, which resulted in additional measures to mitigate the spread of COVID-19 at ACDC—the very relief Petitioners requested. *See* Supplement [41]; https://www.oig.dhs.gov/sites/default/files/assets/2021-07/OIG-21-46-Jul21.pdf. "The decision whether or not to pursue these claims in a separate civil rights action [should] rest squarely with the Petitioner[s]." *Janali*, 2011 WL 1364027, at *1. Under the circumstances presented, requiring the remaining claims, if any, to be filed in a separate lawsuit appears to be the better and most efficient course of action.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. The Petition for Writ of Habeas Corpus [1] be DENIED;

2. Respondents' Motion to Dismiss [23] be GRANTED;

3. Petitioners' habeas claims be DISMISSED with prejudice; and

4. Petitioners' non-habeas claims, including their Rehabilitation Act claims, be DISMISSED without prejudice to Petitioners right to seek relief is a separately-filed civil action.[3]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed

---

[3] This Report and Recommendation is not intended to suggest that Petitioners have or do not have viable claims.

findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    This the 11th day of August, 2021.

                                                        s/ Michael T. Parker
                                                         United States Magistrate Judge