IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

JUANA GONZALEZ MORALES, et al.                              PETITIONERS

v.                          CIVIL ACTION NO. 5:20-cv-181-DCB-MTP

SHAWN GILLIS, et al.                                         RESPONDENTS

ORDER

This matter is before the Court on Petitioners' Objections [ECF No. 46] to Magistrate Judge Michael T. Parker's Report and Recommendation ("R&R") [ECF No. 42] concerning Respondents' Motion to Dismiss [ECF No. 23]. The R&R concluded that the Petition for Writ of Habeas Corpus be Denied, Respondents' Motion to Dismiss be Granted, Petitioners' habeas claims be Dismissed with prejudice, and Petitioners' non-habeas claims be Dismissed without prejudice. [ECF No. 42]. The Court will consider the objections and finds as follows:

Petitioners filed this Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief pursuant to 28 U.S.C. § 2241, and the Rehabilitation Act, 29 U.S.C. § 701 et seq. [ECF No. 1]. Petitioners are three individuals who were in civil immigration detention at the Adams County Detention Center ("ACDC"). Id.  In

1

their Petition, Petitioners allege unsafe conditions at the ACDC due to the COVID-19 pandemic. Id. In particular, Petitioners allege that, due to their respective health-issues, the conditions at the ACDC place them at extreme risk of illness or death. Id. Petitioners request that the Court either order their release or, in the alternative, grant them injunctive relief in the form of a health inspection of the ACDC to be coupled with reformed conditions pursuant to the results of the inspection. Id.

When a party objects to a R&R, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Allen v. Outlaw, No. 5:14-cv-60-DCB-MTP, 2015 WL 4759268, at *2 (S.D. Miss. Aug. 12, 2015). Moreover, "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition." Hinton v. Pike County, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018). A de novo review means that this Court will "examine the entire record and will make an independent assessment of the law." Lambert v. Denmark, No. 2:12-cv-74-KS-MTP, 2013 WL 786356, at *1 (S.D. Miss. Mar. 1, 2013). In conducting such a review, the Court is not

"required to reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

### Habeas Petition

The R&R concluded that Petitioners' habeas petition should be denied because, in light of recent Fifth Circuit precedent, habeas is not available to review questions unrelated to the causes of detention. [ECF No. 42] at 4. Petitioners do not object to this conclusion. [ECF No. 46] at 3.

### Injunctive Relief Claims

After recommending the denial of Petitioners' habeas petition, the R&R concluded that Petitioners' remaining claims be dismissed without prejudice because the remaining claims for injunctive relief cannot be pursued in this habeas action. [ECF No. 42] at 5. The R&R further stated that severing these claims into a new civil action would not serve the interests of justice in light of the change in circumstances of the parties. Id. With respect to the ACDC, the R&R notes that, in the time since Petitioners filed their petition, the ACDC has been inspected by the Department of Homeland Security Office of Inspector General which resulted in additional measures to mitigate the spread of COVID-19. Id. at 5-6. Furthermore, the R&R points out that all of

the Petitioners have been released from the ACDC, and at least two of them have been removed from the United States. Id. at 5.

Petitioner objects to this recommendation and submits that the Court should sever the remaining claims for injunctive relief instead of dismissing them. [ECF No. 46] at 3. They argue that not only would they be prejudiced by having to start over by refiling their claims for injunctive relief, but that judicial efficiency would be better served because the courts would not be required to re-adjudicate all that has already been decided in this case. [ECF No. 46] at 5. Lastly, Petitioners contend that, despite the changes in their own circumstances as well as those at the ACDC, their claims remain justiciable. Id.

The Court agrees with the R&R that the interests of justice would not be served by severing Petitioners' remaining claims. Petitioners initiated this action as a petition for a writ of habeas corpus. [ECF No. 1]. Due to Fifth Circuit precedent, Petitioners' request for habeas relief must be denied. [ECF No. 42]. As a result, the only remaining claims are those seeking injunctive relief. [ECF No. 1]; [ECF No. 46]. The R&R correctly concluded that, given the nature of the remaining claims, when coupled with the changes in circumstances at the ACDC as well as among the Petitioners themselves, a dismissal of the action without prejudice was the best course of action. [ECF No. 42].

4

The Court now addresses Petitioners' arguments against dismissal. While Petitioners contend that a dismissal without prejudice would prejudice them by requiring them to start over, the Court disagrees. Petitioners cite two Fifth Circuit cases for the proposition that district courts should sever habeas petitions from civil rights claims, see Serio v. Members of Louisiana State Bd. Of Pardons, 821 F.2d 1112 (5th Cir. 1987); Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995), however, these cases are factually dissimilar to this action. In both Serio and Orellana, both petitioners were prisoners challenging the conditions of their confinement and continued to be subject to those conditions throughout the litigation. As a result, both petitioners would have been prejudiced by having to file a new civil action. In this action, conversely, Petitioners are no longer detained at the ACDC and are therefore no longer experiencing the conditions that they are challenging.

The only prejudice Petitioners would experience is having to bring their remaining claims through the proper format. While Petitioners argue that it would not serve the interest of judicial efficiency to dismiss Petitioners' remaining claims given all that has been adjudicated, this matter is only at the motion to dismiss stage, and it is not as though the Court is dismissing the action on the eve of trial with an instruction to start back at square one.

The Court now turns to Petitioners' argument that their claims are not moot. While the Court does not make a decision of the merits of this argument, the Court does consider these changes in circumstances at the ACDC and among Petitioners themselves to be relevant to the issue of whether Petitioners' remaining claims should be severed or dismissed.

While Petitioners argue that there is a risk that they may be re-detained at the ACDC, they have offered nothing more than speculation to support such a claim. Additionally, while Petitioners contend that the inspection the performed by the Department of Homeland Security Office of Inspector General was not the relief they requested in their original Petition, there are doubts as to whether Petitioners continue to have standing to challenge the conditions at the ACDC. In sum, the factual circumstances of this matter have changed to such an extent that the interests of justice do not support severing these claims into a separate civil action.

"Allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." Schipke v. Van Buren, 238 F. App'x 85, 85–86 (5th Cir. 2007). Petitioners concede that their only remaining claims are those challenging the conditions of their previous

6

confinement. [ECF No. 46]. Accordingly, these claims should be re-filed as a civil action.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Parker's Report and Recommendation [ECF No. 42] is ADOPTED as the findings and conclusions of this Court. Petitioners' Petition for a Writ of Habeas Corpus is DENIED, and their habeas claims are DISMISSED with prejudice. Respondents' Motion to Dismiss is GRANTED. Petitioners' non-habeas claims are DISMISSED without prejudice. Lastly, the Pending Motions for Leave to Proceed in forma pauperis [ECF Nos. 43, 44, 45] are DISMISSED as moot.

IT IS FURTHER ORDERED that Plaintiff's objections [ECF No. 46] are OVERRULED.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this 22nd day of September, 2021.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE